SENTENCE DATA SHEET

**DEFENDANT:** Erik Ivan Alvarez-Chavez

**CRIMINAL NO.:** H-4:17-cr-00651-8

**DEFENDANT'S IMMIGRATION STATUS:** Illegal alien

**GUILTY PLEA:** Count 12: Aiding and Abetting Transportation to Engage in Prostitution, in violation of Title 18, United States Code, Sections 2421(a) and 2.
Count 13: Conspiracy to Entice and Coerce Another to Travel in Interstate or Foreign Commerce for Prostitution, in violation of Title 18, United States Code, Sections 371 and 2422(a).
Count 18: Conspiracy to Bring In, Transport, Move, Conceal, Harbor, and Shield From Detection Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v)(I), (B)(i), and (B)(iii).
Count 19: Transporting, Moving, Concealing, Harboring, Shielding From Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield From Detection Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i), and (B)(iii).
Count 20: Transporting, Moving, Concealing, Harboring, Shielding From Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield From Detection Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i), and (B)(iii).
Count 21: Transporting, Moving, Concealing, Harboring, Shielding From Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield From Detection Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i), and (B)(iii).
Count 35: False Statement in an Immigration Document, in violation of Title 18, United States Code, Section 1546(a).

**SUBSTANCE OF PLEA AGREEMENT:** Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A), the defendant agrees to plead guilty to counts 12, 13, 18, 19, 20, 21, and 35 of the indictment. In exchange, the United States will not oppose the defendant's request for acceptance of responsibility and will file a motion for a downward departure at the time of sentencing if it determines that the defendant provided the United States with substantial assistance. The United States will also dismiss the remaining counts against this Defendant at the time of sentencing. The defendant also waives his right to appeal and to collaterally attack his conviction.

**COUNT 12:** Aiding and Abetting Transportation to Engage in Prostitution, in violation of Title 18, United States Code, Sections 2421(a) and 2.

**ELEMENTS:** Aiding and Abetting Transportation to Engage in Prostitution
1. That the offense of Transportation to Engage in Prostitution was committed by some person, which requires:
    a. That some person knowingly transported any individual in interstate or foreign commerce; and
    b. The purpose of the travel was for the transported individual to engage in prostitution, which means any sexual activity for which any person can be charged with a criminal offense;
2. That the defendant associated with the criminal venture, which means that the defendant shared the criminal intent of the principal and knew of the criminal venture;
3. That the defendant purposefully participated in the criminal venture, which means that he engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime; and
4. That the defendant sought by action to make that venture successful.

**PENALTY:** Imprisonment not to exceed ten years and a fine not to exceed $250,000.

**COUNT 13:** Conspiracy to Entice and Coerce Another to Travel in Interstate or Foreign Commerce for Prostitution, in violation of Title 18, United States Code, Sections 371 and 2422(a).

**ELEMENTS:** Conspiracy to Entice and Coerce Another to Travel in Interstate or Foreign Commerce for Prostitution
1. That the defendant and at least one other person agreed to commit the crime of Enticing and Coercing Another to Travel In Interstate or Foreign Commerce for Prostitution, as charged in the indictment, which requires that:
    a. That the conspirators knowingly persuaded, enticed, or coerced any individual to travel in interstate or foreign commerce; and
    b. The purpose of the travel was for the individual to engage in prostitution, which is any sexual activity for which any person can be charged with a criminal offense;
2. That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
3. That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

**PENALTY:** Imprisonment not to exceed five years and a fine not to exceed $250,000.

**COUNT 18:** Conspiracy to Bring In, Transport, Move, Conceal, Harbor, and Shield From Detection Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v)(I), (B)(i), and (B)(iii).

**ELEMENTS:** Conspiracy to Bring In, Transport, Move, Conceal, Harbor, and Shield From Detection Illegal Aliens

1. That the defendant and at least one other person agreed to commit the crime of Bringing In, Transporting, Moving, Concealing, Harboring, and Shielding From Detection Illegal Aliens, which requires that either:
   a. i. That an alien had entered, came to, or remained in the United States in violation of the law;
   ii. That the conspirators knew or recklessly disregarded the fact that the alien entered, came to, remained in, or was in the United States in violation of the law;
   iii. That the conspirators concealed, harbored, shielded from detective, attempted to conceal, attempted to harbor, attempted to shield from detective, or transported the alien within the United States with intent to further the alien's unlawful presence; and
   iv. That the conspirators' conduct tended to substantially facilitate the alien entering, coming to, or remaining in the United States illegally.

   or

   b. i. That the conspirators knowingly brought or attempted to bring an alien to the United States;
   ii. That the conspirators knew that the person was an alien; and
   iii. That entry was at or attempted to be at a place other than at a designated port of entry.

2. That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
3. That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

**PENALTY:** Imprisonment not to exceed twenty years and a fine not to exceed $250,000.

**COUNTS 19, 20, 21:** Transporting, Moving, Concealing, Harboring, Shielding From Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield From Detection Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i), and (B)(iii).

**ELEMENTS:** <u>Transporting, Moving, Concealing, Harboring, Shielding From Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield From Detection Aliens</u>

1. a. That an alien had entered, came to, or remained in the United States in violation of the law;
   b. That the defendant knew or recklessly disregarded the fact that the alien entered, came to, remained in, or was in the United States in violation of the law;
   c. That the defendant concealed, harbored, shielded from detective, attempted to conceal, attempted to harbor, attempted to shield from detective, or transported the alien within the United States with intent to further the alien's unlawful presence; and
   d. That the defendant's conduct tended to substantially facilitate the alien entering, coming to, or remaining in the United States illegally.

or

2. a. That the defendant knowingly brought or attempted to bring an alien to the United States;
   b. That the defendant knew that the person was an alien; and
   c. That entry was at or attempted to be at a place other than at a designated port of entry.

**PENALTY:** Imprisonment not to exceed twenty years and a fine not to exceed $250,000.

**COUNT 35:** False Statement in an Immigration Document, in violation of Title 18, United States Code, Section 1546(a).

**ELEMENTS:** <u>False Statement in an Immigration Document</u>

1. That the defendant knowingly made a false statement on a document required by the immigration laws or regulations of the United States;
2. That the false statement was material, in that it had a natural tendency to influence, or is capable of influencing, a decision of the governmental agency to which it is addressed; and
3. That the statement was made under oath or as permitted under penalty of perjury.

**PENALTY:** Imprisonment not to exceed ten years and a fine not to exceed $250,000.

**ALTERNATIVE**
**FINE BASED ON**
**GAIN OR LOSS:**    Not applicable.

**SENTENCING**
**GUIDELINES:**    Advisory.

**SUPERVISED**
**RELEASE:**    Applicable up to a maximum of three years (18 U.S.C. § 3583).

**SPECIAL**
**ASSESSMENT:**    $100 per count of conviction (18 U.S.C. § 3013).  In addition, pursuant to Title 18, United States Code, Section 3014, should the Court determine that Defendant is not indigent, Defendant would also have to pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5,000.00) per count of conviction under 8 U.S.C. §§ 2421(a) and 2, 371 and 2422(a), and 1324(a).

**ATTACHMENT:**    Plea Agreement