UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:17-CR-651-8 |
| Erik Ivan Chavez | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). This case has been referred to the United States Magistrate Judge to accept a felony guilty plea pursuant to Federal Rule of Criminal Procedure Rule 11. All parties waived the right to plead guilty before a United States District Judge and consented instead to proceed before a United States Magistrate Judge.

On May 26, 2022, Defendant and counsel appeared before the Magistrate Judge, who addressed Defendant personally in open court and informed Defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure and determined that Defendant was competent to plead guilty and fully understood said admonishments.

Defendant entered a plea of guilty to counts 12, 13, 18, 19, 20, 21, and 35 of the Indictment. Count 12 charges Defendant with **Aiding and Abetting Transportation to Engage Prostitution**, in violation of Title 18, United States Code, Sections 2421(a) and 2. Count 13 charges Defendant with **Conspiracy to Entice and Coerce Another to Travel in Interstate or Foreign Commerce for Prostitution**, in violation of Title 18, United States Code, Sections 371 and 2422(a). Count 18 charges Defendant with **Conspiracy to Bring In, Transport, Move, Conceal, Harbor, and Shield from Detection Illegal Aliens,** in violation of Title 8, United

States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v)(I), and (B)(iii). Counts 19 through 21 charge Defendant with **Transporting, Moving, Concealing, Harboring, Shielding from Detection, and Conspiring to Transport, Move, Conceal, Harbor, and Shield from Detection Aliens**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i), and (B)(iii). Count 35 charges Defendant with **False Statement in an Immigration Document**, in violation of Title 18, United States Code, Section 1546(a). The Court explained that the District Judge is obligated to calculate the applicable sentencing guideline range under the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range in determining Defendant's sentence. *See* Fed. R. Crim. P. 11(b)(1)(M). The Court advised Defendant as to the range of punishment with regard to imprisonment, fines, restitution, supervised release, forfeiture of property, and the statutory fee assessments. The Court finally informed Defendant that, if a person who is not a United States citizen is convicted of a crime, he or she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. *See* Fed. R. Crim. P. 11(b)(1)(O).

The Magistrate Judge finds the following:

1. Defendant, with the advice of counsel, has consented orally to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2. Defendant fully understands the nature of the charges and penalties;

3. Defendant understands his/her Constitutional and statutory rights and wishes to waive these rights, including his/her right to appeal or collaterally attack his sentence (s*ee* Fed. R. Crim. P. 11(b)(1)(N));

4. Defendant's plea is made freely and voluntarily;

5. Defendant is competent to enter this plea of guilty; and

6. An adequate factual basis supports this plea.

### Recommendation

The Magistrate Judge **RECOMMENDS** that the District Judge adopt these findings, including the specific findings which demonstrate that further delay of the plea would cause serious harm to the interests of justice. The Magistrate Judge also **RECOMMENDS** that the District Judge accept the plea of guilty, enter the Preliminary Order of Forfeiture, and enter final judgment of guilt against Defendant.

### Warnings

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

**SIGNED** at Houston, Texas, this 26th day of May 2022.

                                                Christina A. Bryan
                                                United States Magistrate Judge